**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDGAR PEREZ** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **ELECTRICAL SERVICES CO.,** | § | |
| **WEST ELECTRICAL SERVICES CO.,** | § | |
| **and CURTIS WEST** | § | |
| | § | |
| *Defendants* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Edgar Perez (hereinafter referred to as "Plaintiff") brings this Fair Labor Standards Act (FLSA) action against Defendants Electrical Services Co.; West Electrical Services Co.; and Curtis West (hereinafter referred to as "Defendants").

### I. NATURE OF THE SUIT

This is an action for unpaid wages brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* Plaintiff began working for Defendants in about September of 2005 and continues to work for Defendants. Plaintiff has routinely worked more than forty hours per week, and Defendants have consistently failed to pay Plaintiff one-and-one-half times his regular rate of pay for all of the hours he worked in excess of forty hours per workweek.

### II. THE PARTIES

1.      Plaintiff Edgar Perez is a resident of Texas. His written consent to this action is attached as Exhibit A.

2.      Defendant Electrical Services Co. is an unincorporated business entity that may be served through its agent, Curtis West, at 7900 Douglas Lane, North Richland Hills, Texas 76182.

3.      Defendant West Electrical Services Co. is a Texas corporation authorized to do business in Texas and may be served with process through its registered agent Corporate Service Company D/B/A CSC-Lawyers Incorporating Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701.

4.      Defendant Curtis West is an individual who may be served at 7900 Douglas Lane, North Richland Hills, Texas 76182.

## III. JURISDICTION AND VENUE

5.      Because Plaintiff has asserted a claim arising under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      This Court has personal jurisdiction over the Defendants because Defendants have sufficient contacts with this forum to give this Court general jurisdiction over Defendants.

7.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because the events forming the basis of this suit occurred in this District and Plaintiff and Defendants reside in this District.

## IV. FACTUAL ALLEGATIONS

8.      Plaintiff works for Defendants' business known as Electrical Services Co. completing electrical work for Defendants' clients, such as installing electrical wire, installing piping, and checking that all electricity functions properly. Plaintiff began working for Defendants in September of 2005 and continues to work for Defendants.

9.      Plaintiff has routinely worked fifty or more hours per week, and Defendants have regularly failed to pay Plaintiff at a rate of one-time-and-a-half times his regular rate of pay for each hour worked in excess of forty hours per workweek. Instead, Defendants have simply paid

Plaintiff's Original Complaint

Plaintiff his regular rate for his overtime hours worked.

10.     At all times relevant to this action, Defendants have been employers or joint employers of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     Throughout the relevant period of this lawsuit, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; upon information and belief, said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000.00 during all of the relevant years, exclusive of excise taxes at the retail level.

12.     At all material times, Defendant Curtis West has had operational control over the Defendant entities Electrical Services Co. and West Electrical Services Co. Defendant West controls the work terms and conditions of the business's employees, including Plaintiff. Defendant West sets employees' pay rates, establishes employees' work duties, possesses and exercises the power to hire and fire employees, and maintains employee records.

13.     At all times relevant to this action, Defendants have willfully carried out their illegal pattern or practice of failing to pay all wages due to Plaintiff.

14.     The Plaintiff has fulfilled all prerequisites and/or requirements to bring this suit and obtain the relief sought herein.

## V. CAUSE OF ACTION

15.     Throughout the relevant period, and by way of the facts set forth above, Defendants violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, for which the Plaintiff is entitled

**Plaintiff's Original Complaint**

to relief pursuant to 29 U.S.C. § 216(b).

## VI. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays that this Court award him:

    a.  his unpaid overtime compensation;

    b.   liquidated damages in an amount equal to his unpaid overtime compensation;

    c.  his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    d.  pre-judgment and post-judgment interest, as provided by law; and

    e.  such other and further relief as this Court deems just and proper.


Respectfully submitted,


_____

**Gonzalo Serrano**
State Bar No. 24093134
**Michael O'Keefe Cowles**
State Bar No. 24082865
**EQUAL JUSTICE CENTER**
1801 N. Lamar, Suite 325
Dallas, Texas 75201
(469) 500-7088
(469) 941-0861 (FAX)
E-mail:
Gserrano@equaljusticecenter.org
Mcowles@equaljusticecenter.org

**ATTORNEYS FOR PLAINTIFF**

**Plaintiff's Original Complaint**